**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LEE POWELL, # 630532,

        Petitioner,

v.                                    Case No. 10-cv-12866
                                        Honorable Nancy G. Edmunds

KENNETH MCKEE,

        Respondent,

_____/

**OPINION AND ORDER GRANTING
RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DENYING
PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS, AND
DECLINING TO ISSUE PETITIONER A CERTIFICATE OF APPEALABILITY**

**I. INTRODUCTION**

This is a habeas case filed under 28 U.S.C. § 2254.  Petitioner Lee Powell is a

Michigan state inmate currently incarcerated at the Gus Harrison Correctional Facility in

Adrian, Michigan.[1]  On July 21, 2010, Powell filed this *pro se* Habeas Petition challenging

his 2006 guilty-plea convictions, in Wayne County Circuit Court, to one count of assault with

intent to commit great bodily harm less than murder, MICH. COMP. LAWS § 750.84, one

count of felon in possession, MICH. COMP. LAWS § 750.224F, and one count of felony

---

[1]Powell was incarcerated at the Bellamy Creek Correctional Facility in Ionia,
Michigan, when he originally filed his habeas petition; however, he has since been
transferred to the Gus Harrison Correctional Facility.  The proper respondent in a
habeas case is the habeas petitioner's custodian, which in the case of an incarcerated
petitioner is the warden of the facility where the petitioner is incarcerated.  Rule 2(a) of
the Rules Governing § 2254 Cases; see also *Edwards v. Johns*, 450 F.Supp.2d 755,
757 (E.D. Mich. 2006).  In most cases where a petitioner is transferred to a different
facility after the petition has been filed, the Court would order an amendment of the
case caption.  However, because the Court is denying the petition in this case, it finds
no reason to do so.

firearm, MICH. COMP. LAWS § 750.227BA. Powell was sentenced to concurrent prison terms of six to ten years for the assault conviction and one to five years for the felon-in-possession conviction. Those sentences are to be served following a consecutive two-year prison term for the felony-firearm conviction. In his pleadings, Powell alleges that his plea was involuntary, trial and appellate counsel were ineffective, and his sentences were based on inaccurate information.

In lieu of filing an answer to Powell's Habeas Petition, on January 27, 2011, Respondent Kenneth McKee filed a Motion for Summary Judgment, arguing that the Petition was not filed in a timely manner in accordance with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). The Court agrees. Therefore, because the Habeas Petition was filed late and cannot be saved by the doctrine of equitable tolling, the Court will grant Respondent's Motion and thus will deny Powell's Habeas Petition. The Court also will decline to issue Powell a Certificate of Appealability.

## II. BACKGROUND

Following his sentencing, Powell filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Powell*, No. 280998 (Mich.Ct.App. Nov. 14, 2007). He did not appeal that matter to the Michigan Supreme Court. Rather, he filed another delayed application for leave to appeal with the Court of Appeals, which was dismissed for lack of jurisdiction. *People v. Powell*, No. 282169 (Mich.Ct.App. Dec. 19, 2007). He also did not appeal that matter to the Supreme Court.

On November 14, 2008, Powell filed a motion for relief from judgment with the state trial court. The trial court denied the motion on January 12, 2009. *People v. Powell*, No. 06-009793-01-FC (Wayne County Circuit Court, Jan. 12, 2009). Both state appellate

2

courts denied his applications for leave to appeal for failing "to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Powell*, No. 290141 (Mich.Ct.App. July 14, 2009); *People v. Powell*, 485 Mich. 1100, 778 N.W.2d 236 (2010).

Powell filed this habeas action on July 21,2 010.  He signed and dated the Petition on July 7, 2010.[2]

### III. DISCUSSION

#### A. Standard of Review

Respondent argues in his Motion for Summary Judgment that Powell's Habeas Petition should be barred from federal-habeas review by the one-year statute of limitations.

A motion for summary judgment should be granted if the movant shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2).  The moving party has the initial burden of informing the Court of the basis for its motion, and identifying where to look in the record for relevant facts "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the opposing party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted).  "The summary judgment rule applies to habeas proceedings."  *See Redmond v. Jackson*, 295 F.Supp.2d 767, 770 (E.D. Mich. 2003) (quoting *Harris v. Stegall*, 157 F.Supp.2d 743, 746 (E.D. Mich. 2001) (citation omitted)).  In the statute of limitations context, "dismissal is

---

[2]Under the prison mailbox rule, this Court will assume that Powell actually filed his current Habeas Petition on July 7, 2010, the date that it was signed and dated.  *See Neal v. Bock*, 137 F.Supp.2d 879, 882, n.1 (E.D. Mich. 2001).

appropriate only if a [moving party] clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2d Cir. 1999); *see also Cooey v. Strickland*, 479 F.3d 412, 415-16 (6th Cir. 2007) (same).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year statute of limitations for habeas petitions filed by state prisoners.  See 28 U.S.C. § 2244(d); *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The period of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court.  *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).  Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." SUP.CT.R.13.  The statute of limitations may be tolled statutorily by a properly filed motion for post-conviction relief, or equitably by the Court, under limited circumstances.

Under § 2244(d)(2), the time during which a properly filed application for state

4

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending tolls any period of limitation contained in the statute.  A post-conviction relief petition is "properly filed" under the statute if it meets the applicable state rules governing filing.  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  Tolling is effective only when collateral review is properly sought within the limitations period.  *Id.*  The limitations period also is tolled during the time period between the state appellate court's decision and the state supreme court's decision concerning the petition.  *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003).  A properly filed application for state post-conviction relief, while tolling the statute of limitations, does not start a new limitations period.  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

However, the United States Supreme Court has held that, after completion of state court collateral review, the statute of limitations is not tolled during the pendency of a certiorari petition in the United States Supreme Court seeking review of the denial of state post-conviction relief.  *Lawrence v. Florida*, 549 U.S. 327, 329 (2007).

A habeas petition filed outside the time period prescribed must be dismissed.  *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000), *overruled on other grounds*, *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (dismissing a habeas case filed thirteen days after the limitations period expired as untimely); *Neal*, 137 F.Supp.2d at 885 (dismissing a habeas petition filed over one month after the limitations period had expired as untimely).

### B.  Petitioner's Habeas Petition is Untimely

In this case, Powell did not file his Habeas Petition within the statute of limitations

5

period.  Here, the Michigan Court of Appeals denied his delayed application on November

14, 2007.  He did not file an appeal from that decision with the Michigan Supreme Court.

Under Mich.Ct.R. 7.302(C)(2), Powell would have had fifty-six days to file that application.

*Rice v. Trippett*, 63 F.Supp.2d 784, 787 (E.D. Mich. 1999).  Because he did not file a timely

application for leave to appeal with the Michigan Supreme Court, his convictions became

final, for purposes of § 2244(d)(1)(A), on January 9, 2008, when the time for seeking leave

to appeal with the Supreme Court expired.  *Brown v. McKee*, 232 F.Supp.2d 761, 765 (E.D.

Mich. 2002) (citing *Erwin v. Elo*, 130 F.Supp.2d 887, 889 (E.D. Mich. 2001)).[3]  Thus, the

statue of limitations began to run the next day, on January 10, 2008.  Powell thus had until

January 10, 2009 in which to file his Habeas Petition.  He did not.

Rather, on November 14, 2008, Powell filed a post-conviction motion with the state

trial court.  At the time that motion was filed approximately eleven months (about 308 days)

of the limitations period had run.  Powell then had about fifty-seven days remaining on the

limitations period.  The Michigan Supreme Court denied his application for leave to appeal

on his post-conviction motion on February 26, 2010.  He thus had until April 24, 2010 in

which to file his Habeas Petition.  Powell's Habeas Petition was dated July 7, 2010, almost

three months after the limitations period had already expired.  The Court therefore

---

[3]Normally, the one year statute of limitations does not begin to run until the
ninety-day time period for filing a petition for writ of certiorari in the United States
Supreme Court has expired.  *See Bronaugh*, 235 F.3d at 283.  In this case, however,
Powell is not entitled to have the ninety-day time period for seeking a writ of certiorari
added to the calculation of the limitations period, because his failure to file a timely
application for leave to appeal to the Michigan Supreme Court divested the United
States Supreme Court of jurisdiction to grant a writ of certiorari.  *See Eisermann v.
Penarosa*, 33 F.Supp.2d 1269, 1272-73, n.5 (D. Haw. 1999) (citing to *Flynt v. Ohio*, 451
U.S. 619 (1981); *Street v. New York*, 394 U.S. 576 (1969)).

concludes that Powell's Habeas Petition was filed untimely.

Additionally, the Court finds that Powell is not entitled to a tolling of the limitations period on the basis of the filing of his second delayed application for leave to appeal with the Court of Appeals on November 28, 2007. As the Court of Appeals noted in its December 19, 2007 order, that application was not properly filed. However, even if the Court were to give Powell the benefit of tolling on that basis, his Habeas Petition would still be untimely.

### C. No Equitable Tolling

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, --- U.S. ----, 130 S.Ct. 2549, 2562 (2010). The Supreme Court held that a habeas petitioner is entitled to equitable tolling "only if he [or she] shows '(1) that he [or she] has been pursuing his [or her] rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (emphasis deleted)). "The petitioner has the burden of demonstrating that he [or she] is entitled to equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (quoting *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) (quoting *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

When deciding whether equitable tolling should apply, courts in this Circuit evaluate the following factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Andrews*

7

*v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988) (citations omitted).  These five factors are not comprehensive nor is each of the five factors relevant in all cases.  Instead, courts must consider equitable tolling on a case-by-case basis.  *Allen*, 366 F.3d at 401 (citation omitted).

In his Reply Brief, Powell attempts to argue that his complaint for writ of habeas corpus, filed in the Ionia County Circuit Court on March 26, 2010, should toll the limitations period.  However, that complaint was filed in regard to another matter.  Powell was convicted of second-degree murder in Wayne County Circuit Court and sentenced on January 3, 2008 to forty-five to seventy-five years in prison.  He filed his state habeas complaint regarding that conviction.

Powell's state habeas complaint does not serve to toll the limitations period in this case.  Moreover, state habeas petitions do not toll the limitations period pursuant to the provisions of 28 U.S.C. § 2244(d)(2).  *Jackson v. Curtis*, 2005 U.S. Dist. LEXIS 29254, *10 (E.D. Mich. Nov. 23, 2005) (citing *Seaton v. Kentucky*, 92 F.App'x 174, 175 (6th Cir. 2004)); *see also Northrop v. Wolfenbarger*, No. 2: 06-CV-13081, 2008 WL 564941, at *2 (E.D. Mich. Feb. 28, 2008) (same); *Javens v. Caruso*, No. 07-CV-10175, 2007 WL 2516827, at *2 (E.D. Mich. Aug. 31, 2007) (same).

Against that backdrop, the Court concludes that Powell has failed to demonstrate that he is entitled to equitable tolling.

Finally, the Court must decide whether equitable tolling should apply to Powell's case on the ground of actual innocence.  The applicability of equitable tolling on the ground of actual innocence has not yet been decided by the Supreme Court but has been recognized by the Sixth Circuit.  *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005).

8

As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324. Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Powell has made no such showing. Therefore, he is not entitled to equitable tolling of the one-year limitations period on the basis of actual innocence.

Having failed to establish entitlement to either statutory or equitable tolling, Powell's Habeas Petition is dismissed as untimely.

### D.  Certificate of Appealability

The Court also will decline to issue a Certificate of Appealability (COA) to Powell. In order to obtain a COA, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). "The district court must issue or deny a [COA] when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a).

When a district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claims, a COA should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The Court declines to issue Powell a COA; reasonable jurists would not find it debatable whether this Court was correct in determining that he had filed his Habeas Petition outside of the one-year limitations period. *See Grayson v. Grayson*, 185 F.Supp.2d 747, 753 (E.D. Mich. 2002).

## IV. CONCLUSION

For the reasons stated, the Court concludes that Petitioner Powell failed to file his Habeas Petition within the statue of limitations period.

Accordingly, the Court: (1) **GRANTS** Respondent McKee's Motion for Summary Judgment [Dkt. # 8]; (2) **DENIES** Petitioner Powell's "Petition for Writ of Habeas Corpus" [Dkt. # 1]; and (3) **DECLINES** to issue Petitioner Powell a COA.

**IT IS SO ORDERED**.

10

s/Nancy G. Edmunds                                    
Nancy G. Edmunds
United States District Judge

Dated:  April 8, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record
on April 8, 2011, by electronic and/or ordinary mail.

s/Carol A. Hemeyer                                    
Case Manager

11